UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

| | |
|---|---|
| DAVID JONES | CIVIL ACTION |
| VERSUS | 16-238-SDD-RLB |
| KENNY PAYNE IN HIS OFFICIAL CAPACITY AS CHIEF OF POLICE OF THE PLAQUEMINE POLICE DEPARTMENT | |

**RULING**

This matter is before the Court on the *Motion to Dismiss or in the Alternative, Motion for Summary Judgment*[1] by Defendant Kenny Payne ("Defendant"). Plaintiff, David Jones, ("Plaintiff") has filed an *Opposition*[2] to this motion to which the Defendant has filed a *Reply*.[3] For the following reasons, the Court finds that the Defendant's motion should be granted.

**I.     FACTUAL BACKGROUND**

On June 3, 2013, a detective with the Plaquemine Police Department ("PPD") was contacted by the Baton Rouge General Hospital emergency room staff regarding a seven-year-old female who had been sexually assaulted. Plaintiff contends that his estranged wife claimed that Plaintiff had vaginal intercourse with his biological daughter.[4] An affidavit of probable cause was submitted by the PPD which contained information that a

---

[1] Rec. Doc. No. 6.
[2] Rec. Doc. No. 14.
[3] Rec. Doc. No. 15.
[4] Rec. Doc. No. 1, ¶ 4.
34728

sexual assault examination of the child at the hospital revealed vaginal tearing, bleeding, and trauma to the minor child.[5] However, Plaintiff contends that the official hospital records indicate that the minor child did not suffer any vaginal trauma.[6] Plaintiff also claims that his wife later recanted her story and was ultimately arrested and pled guilty to filing a false police report and cruelty to a juvenile.[7] Plaintiff claims he spent approximately two and a half years in prison as a result of this arrest until he was released on December 22, 2015 because the District Attorney's Office would not dismiss the charges despite this change of events.[8] Plaintiff further contends that the PPD intentionally misrepresented the medical records in the affidavit of probable cause presented to the court; thus, the PPD is liable to Plaintiff for the damages he has suffered as a result of his false arrest.[9]

Plaintiff filed this lawsuit against Kenny Payne in his official capacity as Chief of Police of the City of Plaquemine Police Department. Plaintiff alleges his constitutional rights have been violated under 42 U.S.C. § 1983 and also asserts several state law claims.[10]

Defendant now moves for dismissal under Rule 12(b)(6), or alternatively for summary judgment, arguing that Plaintiff has failed to state a claim against him under Section 1983 and as to all asserted state law claims.

---

[5] *Id.* at ¶¶ 6-7.
[6] *Id.* at ¶ 8.
[7] *Id.* at ¶ 9.
[8] *Id.* at ¶ 11.
[9] *Id.* at ¶¶ 113-14.
[10] The Court exercises supplemental jurisdiction over Plaintiff's state law claims pursuant to 28 U.S.C.A. § 1367.

34728

## II. LAW AND ANALYSIS

### A. Motion to Dismiss Under Rule 12(b)(6)[11]

When deciding a Rule 12(b)(6) motion to dismiss, "[t]he 'court accepts all well-pleaded facts as true, viewing them in the light most favorable to the plaintiff.'"[12] The Court may consider "the complaint, its proper attachments, documents incorporated into the complaint by reference, and matters of which a court may take judicial notice."[13] "To survive a Rule 12(b)(6) motion to dismiss, the plaintiff must plead 'enough facts to state a claim to relief that is plausible on its face.'"[14] In *Twombly*, the United States Supreme Court set forth the basic criteria necessary for a complaint to survive a Rule 12(b)(6) motion to dismiss. "While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do."[15] A complaint is also insufficient if it merely "tenders 'naked assertion[s]' devoid of 'further factual enhancement.'"[16] However, "[a] claim has facial plausibility when the plaintiff pleads the factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."[17] In order to satisfy the plausibility standard, the plaintiff must show "more than

---

[11] Because the Court finds that Plaintiff fails to state any claims under Rule 12(b)(6), the Court need not apply the summary judgment standard to this case.
[12] *In re Katrina Canal Breaches Litigation*, 495 F.3d 191, 205 (5th Cir. 2007)(quoting *Martin v. Eby Constr. Co. v. Dallas Area Rapid Transit,* 369 F.3d 464, 467 (5th Cir. 2004)).
[13] *Randall D. Wolcott, M.D., P.A. v. Sebelius*, 635 F.3d 757, 763 (5th Cir. 2011).
[14] *In re Katrina Canal Breaches Litigation*, 495 F.3d at 205 (quoting *Martin v. Eby Constr. Co. v. Dallas Area Rapid Transit,* 369 F.3d at 467).
[15] *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007)(internal citations and brackets omitted)(hereinafter *Twombly*).
[16] *Ashcroft v. Iqbal*, 556 U.S. 662, 678, 129 S.Ct. 1937, 173 L.Ed.2d 868 (2009)(internal citations omitted)(hereinafter "*Iqbal*").
[17] *Twombly*, 550 U.S. at 570.
34728

a sheer possibility that the defendant has acted unlawfully."[18]  "Furthermore, while the court must accept well-pleaded facts as true, it will not 'strain to find inferences favorable to the plaintiff.'"[19]  On a motion to dismiss, courts "are not bound to accept as true a legal conclusion couched as a factual allegation."[20]

### B. Section 1983 claim – *Monell* Liability

Defendant contends that Plaintiff has failed to state a claim against him under Section 1983 because he has failed to allege that a policy or custom caused Plaintiff's alleged deprivation of his constitutional rights.  The Defendant correctly notes that a suit against a government official in his official capacity is the same as a suit against the government entity for which he is an agent.[21]  Thus, by bringing suit against Kenny Payne in his official capacity as Chief of Police, the Plaintiff brings suit against the City of Plaquemine Police Department.

To determine whether a public official is liable in his official capacity, "the Court looks to the jurisprudence discussing whether a municipality or local government entity is liable under section 1983."[22]  Although municipalities cannot be held liable in a Section 1983 action under the theory of *respondeat superior*, they may be held liable "when execution of a government's policy or custom, whether made by its lawmakers or by those whose edicts or acts may fairly be said to represent official policy, inflicts the injury."[23]

---

[18] *Iqbal*, 556 U.S. at 678.
[19] *Taha v. William Marsh Rice University*, 2012 WL 1576099 at *2 (quoting *Southland Sec. Corp. v. Inspire Ins. Solutions, Inc.*, 365 F.3d 353, 361 (5th Cir. 2004).
[20] *Twombly*, 550 U.S. at 556 (quoting *Papasan v. Allain*, 478 U.S. 265, 286, 106 S.Ct. 2932, 92 L.Ed.2d 209 (1986)).
[21] *See Burge v. Parish of St. Tammany*, 187 F.3d 452, 466 (5th Cir. 1999).
[22] *Quatroy v. Jefferson Parish Sheriff's Office*, 2009 WL 1380196, *3 (E.D.La. May 14, 2009)(hereafter *Quatroy*).
[23] *Monell v. Dept. of Social Services of City of New York*, 436 U.S. 658, 694, 98 S.Ct. 2018, 56 L.Ed. 2d 611 (1978) (hereafter *Monell*).
34728

Municipal liability under 42 U.S.C. § 1983 requires proof of the following three elements: "a policymaker; an official policy; and a violation of constitutional rights whose 'moving force' is the policy or custom."[24]  "Proof of these three elements is necessary 'to distinguish individual violations perpetrated by local government employees form those that can be fairly identified as actions of the government itself.'"[25]

> For present purposes, an official policy is either:
>
> 1. A policy statement, ordinance, regulation, or decision that is officially adopted and promulgated by the municipality's lawmaking officers or by an official to whom the lawmakers have delegated policy-making authority; or
>
> 2. A persistent, widespread practice of city officials or employees, which, although not authorized by officially adopted and promulgated policy, is so common and well settled as to constitute a custom that fairly represents municipal policy.[26]

Moreover, the Fifth Circuit has held that a plaintiff must prove that "the policy or custom in question was adopted with 'deliberate indifference' and that there was 'a direct causal link between the municipal action and the deprivation of federal rights.'"[27]  The Fifth Circuit has held that allegations of an isolated incident are insufficient to establish a custom or policy.[28]

Defendant contends that Plaintiff has failed to identify any policy or custom of the PPD that caused his injury.  Further, Plaintiff has failed to allege that Defendant acted with deliberate indifference in failing to promulgate a policy that was the moving force behind the alleged constitutional violations.  Defendant claims Plaintiff has made only

---

[24] *Piotrowski v. City of Houston*, 237 F.3d 567, 578 (5th Cir. 2001)(citing *Monell*, 436 U.S. at 694).
[25] *Quatroy*, 2009 WL 1380196, *4 (citing *Piotrowski*, 237 F.3d 567, at 578).
[26] *Burge v. St. Tammany Parish*, 336 F.3d 363, 369 (5th Cir. 2003).
[27] *Matthews v. Bowie County, Tex.*, 600 Fed. Appx. 933, 934 (5th Cir. 2015) (quoting *In re Foust*, 310 F.3d 849, 862 (5th Cir. 2002)).
[28] *See id.* (citing *Fraire v. City of Arlington*, 957 F.2d 1268, 1278 (5th Cir. 1992)).
34728

vague and conclusory allegations of an isolated case with no specific facts to establish any pattern of violations.

In opposition to Defendant's motion, Plaintiff claims that:

> The policy that caused the deprivation of Mr. Jones's constitutional rights is obvious.  It is the policy of the Plaquemine Police Department to prepare and produce an affidavit of probable cause for arrest and present that affidavit to the judge or magistrate on duty in order to arrest a potential criminal defendant.[29]

Plaintiff's argument fails, however, as Plaintiff has clearly only alleged one isolated case of preparing a probable cause affidavit containing allegedly mistaken information.  Plaintiff has not alleged in his *Complaint* or *Opposition* any facts that demonstrate a pattern or common practice that the Defendant routinely, as a matter of policy and not negligence, engages in the preparation of probable cause affidavits containing false information.  In his *Opposition*, Plaintiff utterly fails to address the jurisprudence which requires that he make such a showing of a policy, pattern, practice, or custom.  Accordingly, Plaintiff's Section 1983 *Monell* claims are dismissed.

### C. *Heck v. Humphrey*[30] Bars Federal and State Law Claims[31]

Defendant also moves to dismiss and/or for summary judgment dismissal of Plaintiff's federal claims under Section 1983 and state law claims of false imprisonment, false arrest, battery, and assault under the *Heck* doctrine.  Indeed, the Court finds that, in light of the Plaintiff's no-contest plea, *Heck* "presents a significant challenge to the viability

---

[29] Rec. Doc. No. 14, p. 5.
[30] 512 U.S. 477 (1994).
[31] Although the parties failed to address prescription, the Court notes that it also appears Plaintiff's state law claims would be prescribed as these torts carry one-year prescriptive periods and commence to run the day injury or damage is sustained.  As Plaintiff's arrest was on June 3, 2013, and this suit was not filed until April 14, 2016, these claims appear prescribed.  It would be Plaintiff's burden to establish whether or not prescription was interrupted.

34728

of the claims in this case."[32]  The District Court for the Eastern District of Louisiana opined:

> In *Heck*, the Supreme Court held that 'in order to recover damages for allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, a § 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such a determination, or called into question by a federal court's issuance of a writ of habeas corpus....' *Id.* at 486-87.  Claims that seek to invalidate or call into question an underlying conviction or sentence, explained the Court, should be dismissed absent a showing that the conviction or sentence has been invalidated. *Id.* at 487.  In other words, if there is an underlying conviction that has not been invalidated or otherwise terminated in a manner favorable to the plaintiff, a civil action may proceed only if its success would not inherently imply the invalidity of the outstanding criminal judgment; otherwise, the action is barred.  *See id.* at 487; *Hainze v. Richards*, 207 F.3d 795, 798 (5th Cir. 2000).[33]

Plaintiff attempts to argue the existence of a genuine issue of material fact and law regarding his no contest plea.  First, Plaintiff contends that he has filed a timely motion in state court to withdraw his plea of no contest.[34]  This contention is not only moot but also disingenuous as Plaintiff's motion to withdraw his plea in state court was denied in February of 2016, prior to Plaintiff's filing of this *Opposition* memorandum.[35]  Plaintiff also complains that his no contest plea should not bar his claims here because he was allegedly allowed to change his plea from "not guilty" to "no contest" without the presence of counsel.  However, that issue is not for this Court's determination.  To deny Defendant's motion on this issue would require the Court to ignore the plethora of binding jurisprudence which holds that, "where the plaintiff's conviction on a charge for which he or she was arrested is by way of a guilty plea, **or a plea of no contest**, to that charge,

---

[32] *Wallace v. City of Slidell*, No. 15-383, 2016 WL 1223065 at * 2 (E.D. La. Mar. 28, 2016).
[33] *Id.*
[34] Rec. Doc. No. 14, p. 9.
[35] *See* Rec. Doc. No. 15-1, *Order* denying Plaintiff's Motion to Withdraw Plea of No Contest.
34728

the plea necessarily implies that there was probable cause for the arrest and, thus, that the arrest was not unlawful or false."[36]

That Plaintiff's arrest and conviction may have been later expunged is also irrelevant to the application of *Heck*.[37] In *Kador v. City of New Roads*,[38] Kador maintained that her civil rights claims were not barred by *Heck* because her criminal record was completely expunged pursuant to Louisiana law.[39] The court rejected this argument, stating:

> The court notes that Louisiana Code of Criminal Procedure article 552 specifically states that a nolo contendere plea is a conviction. We find that Ms. Kador's plea of nolo contendere and her dismissal under Louisiana Code of Criminal Procedure article 894, followed by an order of expungement is not an acquittal as argued by plaintiff's counsel.[40]

Thus, Plaintiff's state law tort claims of false arrest and false imprisonment are barred under the same analysis. Under *Heck*, Plaintiff's plea of no contest to the charge for which he was arrested necessarily implies there was probable cause for the arrest.[41]

Without any factual allegations in support, Plaintiff claims that he is entitled to

---

[36] *Thomas v. Pohlmann*, No. 15-4891, 2016 WL 3598296, at *3 (E.D. La. July 5, 2016), citing *e.g. Buckenberger v. Reed,* 342 Fed.Appx. 58, 61 (5th Cir. 2009); *Wallace v. City of Slidell,* No. 15-383, 2016 WL 1223065, at *2 (E.D. La. Mar. 29, 2016) ("By definition, the claim of false arrest, in particular, challenges to the lawfulness of an arrest. By entering no-contest pleas, each of the arrestee-Plaintiffs has been 'convicted' of crimes for which he or she was arrested. A judgment on the false arrest claims in favor of the arrestee-Plaintiffs would necessarily imply the invalidity of those convictions, which have not been reversed, expunged, or otherwise invalidated. As a result, the claims of false arrest are barred."); *Magee v. Reed,* No. 14-1986, 2015 WL 5020252, at *3–4 (E.D. La. Aug. 19, 2015); *Idel v. New Orleans Police Dep't,* No. 11-1078-DEK, 2012 WL 860380, at *2–3 (E.D. La. Mar. 13, 2012); *DeLeon v. City of Corpus Christi,* No. C.A. C-05-096, 2005 WL 2045562, at *2 (S.D. Tex. Aug. 24, 2005); *Barker v. Jack,* No. 3:04-CV-0596-G, 2004 WL 1144144, at *2 n.2 (N.D. Tex. May 20, 2004)(emphasis added).
[37] The Plaintiff herein does not contend that his conviction has been expunged; indeed,his *Complaint* admits that the charges were never dismissed (Rec. Doc. No. 1, ¶ 11), and the state court denied his motion to withdraw his plea of no contest (Rec. Doc. No. 15-1).
[38] No. 07-682, 2011 WL 1326641 (M.D. La. Apr. 5, 2011).
[39] *Id.* at * 8.
[40] *Id.*
[41] Plaintiff did not make a claim under federal or state law for excessive force.
34728

the plea necessarily implies that there was probable cause for the arrest and, thus, that the arrest was not unlawful or false."[36]

That Plaintiff's arrest and conviction may have been later expunged is also irrelevant to the application of *Heck*.[37] In *Kador v. City of New Roads*,[38] Kador maintained that her civil rights claims were not barred by *Heck* because her criminal record was completely expunged pursuant to Louisiana law.[39] The court rejected this argument, stating:

> The court notes that Louisiana Code of Criminal Procedure article 552 specifically states that a nolo contendere plea is a conviction. We find that Ms. Kador's plea of nolo contendere and her dismissal under Louisiana Code of Criminal Procedure article 894, followed by an order of expungement is not an acquittal as argued by plaintiff's counsel.[40]

Thus, Plaintiff's state law tort claims of false arrest and false imprisonment are barred under the same analysis. Under *Heck*, Plaintiff's plea of no contest to the charge for which he was arrested necessarily implies there was probable cause for the arrest.[41]

Without any factual allegations in support, Plaintiff claims that he is entitled to

---

[36] *Thomas v. Pohlmann*, No. 15-4891, 2016 WL 3598296, at *3 (E.D. La. July 5, 2016), citing *e.g. Buckenberger v. Reed,* 342 Fed.Appx. 58, 61 (5th Cir. 2009); *Wallace v. City of Slidell,* No. 15-383, 2016 WL 1223065, at *2 (E.D. La. Mar. 29, 2016) ("By definition, the claim of false arrest, in particular, challenges to the lawfulness of an arrest. By entering no-contest pleas, each of the arrestee-Plaintiffs has been 'convicted' of crimes for which he or she was arrested. A judgment on the false arrest claims in favor of the arrestee-Plaintiffs would necessarily imply the invalidity of those convictions, which have not been reversed, expunged, or otherwise invalidated. As a result, the claims of false arrest are barred."); *Magee v. Reed,* No. 14-1986, 2015 WL 5020252, at *3–4 (E.D. La. Aug. 19, 2015); *Idel v. New Orleans Police Dep't,* No. 11-1078-DEK, 2012 WL 860380, at *2–3 (E.D. La. Mar. 13, 2012); *DeLeon v. City of Corpus Christi,* No. C.A. C-05-096, 2005 WL 2045562, at *2 (S.D. Tex. Aug. 24, 2005); *Barker v. Jack,* No. 3:04-CV-0596-G, 2004 WL 1144144, at *2 n.2 (N.D. Tex. May 20, 2004)(emphasis added).
[37] The Plaintiff herein does not contend that his conviction has been expunged; indeed,his *Complaint* admits that the charges were never dismissed (Rec. Doc. No. 1, ¶ 11), and the state court denied his motion to withdraw his plea of no contest (Rec. Doc. No. 15-1).
[38] No. 07-682, 2011 WL 1326641 (M.D. La. Apr. 5, 2011).
[39] *Id.* at * 8.
[40] *Id.*
[41] Plaintiff did not make a claim under federal or state law for excessive force.

34728

recover for battery and assault under Louisiana law.[42]  Plaintiff's sole argument in support of these claims is that: "'All force used to effectuate the arrest is excessive and constitutes a battery,' if the arrest is unlawful."[43]  Because the Court has already found that the arrest was lawful, and because Plaintiff provides no further allegations that he was subjected to excessive force or any force beyond that necessary to effectuate his arrest, Plaintiff's assault and battery claims are dismissed.

### D. Defamation

Defendant also moves to dismiss Plaintiff's defamation claim.  Plaintiff's Complaint simply lists "defamation" as a theory of recovery under which the Defendant is liable to him without alleging any factual allegations sufficient to establish a cause of action under Louisiana law.  A plaintiff must satisfy the following elements to prevail on a defamation claim: "(1) a false and defamatory statement concerning another; (2) an unprivileged publication to a third party; (3) fault (negligence or greater) on the part of the publisher; and (4) resulting injury."[44]  "The fault requirement is often set forth in the jurisprudence as malice, actual or implied."[45]

Not only has Plaintiff failed to sufficiently plead factual allegations to support a claim of defamation, but a defamation claim is likewise barred by the *Heck* doctrine, as the Fifth Circuit held in *Shaw v. Harris*.[46]  Because any defamation claim would

---

[42] *Complaint*, Rec. Doc. No. 1, p. 5, ¶ 20(d) & (e).
[43] Rec. Doc. No. 14, p. 6.
[44] *Trentecosta v. Beck*, 703 So.2d 552, 559 (La.1997).
[45] *Costello v. Hardy*, 864 So.2d 129, 139 (La.2004).
[46] 116 Fed.Appx. 499, 500 (5th Cir. Nov. 12, 2004)("A decision granting Shaw injunctive or declaratory relief on her allegations of evidence tampering and concealment, perjury, ineffectiveness of counsel, prosecutorial misconduct, or the filing of false affidavits in her state habeas corpus proceeding, including any defamation claims based on those affidavits, would necessarily imply that her conviction was invalid. Thus, all of those claims are barred by *Heck*.).
34728

necessarily imply that Plaintiff's conviction was invalid, and Plaintiff has not demonstrated that his conviction has been invalidated or set aside, it is barred under *Heck*.

### E. Negligence

The Plaintiff's negligence claims are subject to Louisiana's "duty/risk analysis, which entails five separate elements: (1) whether the defendant had a duty to conform his conduct to a specific standard (the duty element); (2) whether the defendant's conduct failed to conform to the appropriate standard (the breach element); (3) whether the defendant's substandard conduct was a cause-in-fact of the plaintiff's injures (the cause-in-fact element); (4) whether the defendant's substandard conduct was a legal cause of the plaintiff's injuries (the scope of liability or scope of protection element); and (5) whether the plaintiff was damaged (the damages element)."[47]  A police officer has a duty to act reasonably under the totality of the circumstances.[48]

Again, because a finding that the PPD was negligent in arresting Plaintiff would undermine the probable cause element of his arrest, the Court finds that his negligence claim is likewise barred by *Heck*. Accordingly, the Plaintiff's negligence claims must be dismissed.

---

[47] *Hanks v. Entergy Corp.*, 944 So.2d 564, 579 (La. 2006).
[48] *Mathieu v. Imperial Toy Corp.*, 646 So.2d 318, 322–23 (La.1994).
34728

### III. CONCLUSION

For the reasons set forth above, Defendant's *Motion to Dismiss or in the Alternative, Motion for Summary Judgment*[49] is GRANTED. Plaintiff's claims are hereby dismissed with prejudice.

*Judgment* shall be entered accordingly.

**IT IS SO ORDERED.**

Signed in Baton Rouge, Louisiana on September 28, 2016.

*[signature: Shelly D. Dick]*

**JUDGE SHELLY D. DICK**
**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF LOUISIANA**

---

[49] Rec. Doc. No. 6.
34728